IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02186-MSK-MJW

ANTONIO BRYANT,

    Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE, INC., and
NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for temporary Restraining Order **(# 2)**.

### BACKGROUND

According to the Complaint **(# 1)**, the Plaintiff is a former professional football player in the Defendant National Football League ("NFL"). On March 1, 2007, the San Francisco 49ers football team terminated its contract with the Plaintiff. As a result, the Plaintiff contends that he is "not presently a player, an employee of the NFL or any NFL franchise, and is also not a member of the National Football League Players Association (NFPLA) union." *Complaint*, ¶ 11. The Plaintiff contends that although he "did not pursue additional employment with an NFL team" after March 1, 2007, *Complaint,* ¶ 14, the Defendants have "continued to mandate, force,

1

manipulate and coerce" him to continue to submit to random urinalysis under the NFL's substance abuse testing policies. *Id.*, ¶ 15.

Specifically, the Plaintiff contends that on several occasions in September 2007, the Defendants wrote to him stating that he was obligated to comply with the NFL's substance abuse testing policies, that he had "failed to cooperate fully" with testing requirements, and that, as a result, the NFL intended to discipline him as if he had tested positive for prohibited substances. *Id.* at 22. Although the Plaintiff maintains that he is no longer subject to the NFL policies, he contends that the September 2007 letters "created an environment of fear and angst," and that as a result, he submitted to the NFL's demands that he be tested. *Id.* at 24. He further alleges that the NFL has contacted its member teams and advised them that the Plaintiff would be suspended should any team sign him to a contract. *Id.* at 25.

The Plaintiff asserts ten claims for relief: (i) tortious interference with prospective contractual relationship, in that the NFL's threats to member teams to suspend the Plaintiff have induced those teams to refrain from entering into a contract with the Plaintiff; (ii) tortious interference with prospective business relationship, apparently arising from the same facts as claim 1; (iii) tortious interference with contractual relationship, in that the NFL's threats have interfered with the Plaintiff's current contractual relationship with All Pro Sports and Entertainment, his management representation; (iv) tortious interference with prospective business relationship, in that the NFL's conduct has interfered with All Pro Sports and Entertainment's ability to seek to obtain employment for the Plaintiff with NFL member teams; (v) intrusion upon seclusion, in that the NFL's pressuring the Plaintiff to submit to unnecessary drug testing "invaded upon [his] solitude, seclusion and private affairs"; (vi) public disclosure of private facts, in that the NFL

2

publicized unspecified "facts regarding [the Plaintiff's] private life" to the NFL's member clubs; (vii)[1] intentional infliction of emotional distress, in that the publicizing of facts about the Plaintiff's private life was extreme and outrageous, given his status as being no longer associated with the NFL; (viii) fraud, in that the NFL falsely represented to the Plaintiff that he was obligated to submit to drug testing and the Plaintiff relied upon those representations; (ix) false imprisonment, in that the Defendants "falsely imprisoned [him] when administering these tests under an environment of improper threat"; and (x) a claim for an unspecified declaration, apparently to the effect that former players are not subject to the NFL's policies or contract terms. The Complaint does not identify which state's law allegedly governs these common-law claims.

On October 17, 2007, the Plaintiff filed the instant Motion for Temporary Restraining Order **(# 4)**. The motion recites the basic facts set forth in the Complaint, then states that "it is inevitable that the NFL will continue to misapply" its contract terms and policies to the Plaintiff. The Plaintiff contends that he will be imminently and irreparably harmed unless the NFL is immediately enjoined from: (i) using the results of the September 2007 drug tests; (ii) administering further drug tests; (iii) sharing the Plaintiff's private medical information with the public; (iv) threatening the Plaintiff with discipline; and (v) threatening "future employers" that the Plaintiff would be suspended if hired by an NFL member team. The Plaintiff's motion is supported by copies of several letters from the NFL to the Plaintiff regarding his failure to appear for scheduled drug testing, and an unsigned document appearing to be a certification pursuant to D.C. Colo. L. Civ. R. 7.1(A). No affidavits are supplied in conjunction with the motion.

---

[1] The Complaint contains two different claims entitled "Sixth Claim for Relief." The Court disregards the Plaintiff's numbering of the claims in this Order.

## ANALYSIS

A temporary restraining order is an extraordinary remedy, and should only issue where it is necessary to "preserve[ ] the status quo and prevent[ ] irreparable injury just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Int'l. Brotherhood of Teamsters,* 415 U.S. 423, 438-39 (1974). As an *ex parte* remedy, a temporary restraining order is appropriate only in a handful of situations – for example, where "notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," or where "notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Assn. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

Fed. R. Civ. P. 65(b) requires that two criteria be established before a temporary restraining order may issue: (i) the movant must show, by affidavit or in a verified complaint, that immediate and irreparable injury will result before the opponent can be heard in opposition; and (ii) the movant's attorney must certify in writing the efforts it has made to give written or oral notice to the opponent of the request, or show reasons why such notice should not be required.

Here, the Plaintiff has failed to satisfy the first requirement of Rule 65(b) in several respects. First, the factual allegations in the motion are not supported by an affidavit, and the Complaint is not verified. In addition, the Plaintiff has failed to show that he is at risk of suffering an immediate injury. The single paragraph in the motion alleging "imminent[ ] and irreparabl[e] harm" is entirely conclusory. *Docket # 2, ¶ 18.* Further, although the motion alleges that the NFL has <u>already</u> subjected the Plaintiff to an unwarranted drug test, and has disclosed the results of that test to NFL member teams along with a threat that the Plaintiff will be suspended if he is

4

hired, nothing in the motion alleges that such behavior by the NFL will engage in such conduct <u>in the future</u>. Finally, the Plaintiff's motion gives no indication that *ex parte* provision relief is necessary because any <u>future</u> conduct by the NFL will occur before the NFL can be heard in opposition to the Plaintiff's motion.

Accordingly, the Motion for Temporary Restraining Order **(# 2)** is **DENIED**. In accordance with the Plaintiff's request that the Motion be treated in the alternative as one for a preliminary injunction under Fed. R. Civ. P. 65(a), the Plaintiff shall serve the Complaint and Motion upon the Defendants within 30 days, and the Defendants shall have 20 days from such service to both answer or move in response to the Complaint, and to respond to the Plaintiff's request for a preliminary injunction.

Dated this 18th day of October, 2007

                    **BY THE COURT:**

                    */s/ Marcia S. Krieger*
                    _____

                    Marcia S. Krieger
                    United States District Judge